United States v. Castro

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of January, two thousand seventeen.

PRESENT: DENNIS JACOBS,
         ROBERT D. SACK,
         SUSAN L. CARNEY,
                    Circuit Judges,

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    15-4113

JOSE CASTRO,
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              MATTHEW B. LARSEN, Federal
                           Defenders of New York, New York,
                           NY.

FOR APPELLEE:              NOAH SOLOWIEJCZYK (with Karl
                           Metzner on the brief), for Preet
                           Bharara, United States Attorney

for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Jose Castro appeals from the judgment of the United States District Court for the Southern District of New York (Schofield, <u>J.</u>).  A jury convicted Castro of transporting, receiving, and possessing child pornography.  The district court sentenced Castro chiefly to six years in prison and eight years of supervised release.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Castro challenges the affidavit offered in support of the search warrant application.  The affidavit averred that a computer program used by law enforcement to monitor transmission of child pornography had downloaded four files of child pornography from a computer located at Castro's home.  Castro argues that there was serious reason to doubt that the downloads ever took place, and that had the doubtful circumstances been disclosed in the affidavit, the magistrate judge would not have found probable cause sufficient to justify a search warrant.

Castro argues that these omissions warrant suppression of evidence.  <u>See</u> <u>Franks v. Delaware</u>, 438 U.S. 154 (1978). "To suppress evidence obtained pursuant to an affidavit containing erroneous information, the defendant must show that: '(1) the claimed inaccuracies or omissions are the result of the affiant's deliberate falsehood or reckless disregard for the truth; and (2) the alleged falsehoods or omissions were necessary to the [issuing] judge's probable cause finding.'" <u>United States v. Canfield</u>, 212 F.3d 713, 717-18 (2d Cir. 2000) (quoting <u>United States v. Salameh</u>, 152 F.3d 88, 113 (2d Cir. 1998)).

"[W]hether a person acted with 'reckless disregard for the truth' is 'a factual question of intent, and we therefore review the court's decision for clear error' . . . ." <u>United States v. Rajaratnam</u>, 719 F.3d 139, 153 (2d Cir. 2013) (quoting <u>United States v. Trzaska</u>, 111

2

F.3d 1019, 1028 (2d Cir. 1997)).  The "factfinder may infer reckless disregard from circumstances evincing obvious reasons to doubt the veracity of the allegations."  Id. at 154 (quoting United States v. Whitley, 249 F.3d 614, 621 (7th Cir. 2001)).  Castro contends that such circumstances are present here.  The affiant testified that her usual practice when investigating reports from the computer program at issue in this case was to review copies of the downloaded files in an automatically created folder.  At some point after this warrant was issued, the affiant attempted to review the expected folder, but was unable to locate it.  Castro suggests that the affiant's inability to locate the folder after the warrant issued reveals that she could not locate the folder before preparing the affidavit, which should have given her reason to doubt the accuracy of the report.  He argues that the factfinder should have inferred from these circumstances the affiant's reckless disregard of the truth.

The district court rejected this argument, concluding that the affiant credibly testified that she did not remember if she followed her usual practice before preparing the affidavit and that Castro had failed to show that this omission was reckless or made with the intent to deceive. We find no clear error in the district court's finding that the affiant lacked the mental state required for suppression of the evidence gathered by virtue of the search warrant.

For the foregoing reasons, and finding no merit in Castro's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3